Louis Pechman
Vivianna Morales
Lillian Marquez
Pechman Law Group PLLC
488 Madison Avenue – 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERTO NIETO,

                Plaintiff,

                -against-

VILLAGE RED RESTAURANT CORP. d/b/a
WAVERLY RESTAURANT, 135 WAVERLY
REALTY LLC, CHRISTINE SERAFIS, and
NICHOLAS SERAFIS,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Alberto Nieto ("Plaintiff" or "Nieto"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Village Red Restaurant Corp. d/b/a Waverly Restaurant, 135 Waverly Realty LLC, Christine Serafis, and Nicholas Serafis (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

      1.     This action is brought to recover unpaid overtime wages and statutory penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2. Waverly Restaurant, also known as "The Waverly Diner," is located at 385 6th Avenue, New York, New York 10014. The diner is open twenty-four hours a day, seven days per week. It also offers a delivery service.

3. As a dishwasher, deliveryman, and grillman at Waverly Restaurant, Nieto was consistently required by the restaurant to work in excess of forty hours per workweek and was paid a flat weekly salary, regardless of the actual hours he worked.

4. As a result, Defendants denied Nieto overtime compensation for the hours he worked in excess of forty per workweek.

5. Defendants paid Nieto in weekly cash payments, without providing accurate wage statements, and failed to provide annual wage notices.

6. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

7. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Waverly Restaurant is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

9. Nieto resides in Queens, New York.

10. From approximately 2001 to 2006, Nieto was employed as a dishwasher and deliveryman at Waverly Restaurant, and then from approximately 2009 to August 21, 2016, Nieto was again employed as a grill-man at Waverly Restaurant.

**Defendants**

11. Defendant Village Red Restaurant Corp. owns and operates Waverly Restaurant.

12. Defendant 135 Waverly Realty LLC is a New York corporation that owns the property on which Waverly Restaurant is situated and operates the residential building situated above the Waverly Restaurant.

13. 135 Waverly Realty LLC and Village Red Restaurant Corp. comprise an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Village Red Restaurant Corp. and 135 Waverly Realty LLC (collectively, the "Waverly Defendants") constitute an enterprise, and have employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

15. The Waverly Defendants have annual gross volume of sales or business revenues not less than $500,000.

16. The Waverly Defendants were a single and joint employer of Plaintiff with a high degree of interrelated and unified operations, common control, common business purpose, interrelated business goals, and common ownership and management.

17. Despite operating under separate corporate entities, the Waverly Defendants operate as a single integrated enterprise that jointly employed Plaintiff.

18. For example, Nicholas Serafis and John Captan are managers of both Waverly Restaurant and 135 Waverly Realty LLC.

19. Waverly Defendants' employees performed tasks for both the Waverly Restaurant and 135 Waverly Realty LLC.

20. For example, on days when Nieto worked for Waverly Restaurant, he was required to perform services for 135 Waverly Realty LLC, including sweeping and cleaning the building's hallways and cleaning the trash receptacles.

21. Defendant Christine Serafis is President of Village Red Restaurant Corp. and the sole shareholder and owner of 135 Waverly Realty LLC, and is sued individually in her capacity as an owner, officer, and/or agent of Village Red Restaurant Corp. and 135 Waverly Realty LLC.

22. Nicholas Serafis gave ownership of Village Red Restaurant Corp. to Christine Serafis, his daughter, for estate tax purposes.

23. Although Christine Serafis receives an annual salary from Village Red Restaurant Corp., she does not hold annual meetings, keep minutes, or observe any other corporate formalities as sole shareholder of Village Red Restaurant Corp.

24. Christine Serafis exercises sufficient control over the Waverly Defendants' operations to be considered Nieto's employer under the FLSA and NYLL.

25. Christine Serafis had the authority to hire and fire employees of the Waverly Defendants and to set wages.

26. Christine Serafis established and exercised authority regarding the managerial and administrative practices of the Waverly Defendants.

27. Christine Serafis hired Nicholas Serafis to manage Waverly Restaurant.

28. Christine Serafis's signature appears on paychecks issued to Nieto from Village Red Restaurant Corp.

29. For example, throughout Nieto's employment, he received at least six letters of employment with income verification. Each letter is on Waverly Restaurant

4

letterhead with Christine Serafis's signature and title as President. Christine Serafis is also the contact person in said letters if the recipient required further information.

30. Defendant Nicholas Serafis is sued individually in his capacity as an owner, officer, and/or agent of the Waverly Defendants.

31. On December 18, 2009, Christine Serafis executed a power of attorney, as principal, granting Nick Serafis, as agent, the authority to act in her shoes regarding the following subjects:

> (A) real estate transactions;
> (B) chattel and goods transactions;
> (C) bond share and commodity transactions;
> (D) banking transactions;
> (E) business operating transactions;
> (F) insurance transactions;
> (G) estate transactions;
> (H) claims and litigation;
> (I) personal and family maintenance;
> (J) tax matters;
> (K) all other matters;
> (L) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select.

32. Nicholas Serafis exercises sufficient control over the Waverly Defendants' operations to be considered Nieto's employer under the FLSA and NYLL.

33. Nicholas Serafis exercised this control pursuant to the broad authority granted to him by Owner Christine Serafis.

34. Nicholas Serafis hired and fired the Waverly Defendants' employees, including Nieto.

35. For example, Nicholas Serafis fired Nieto in 2006, and rehired him in 2009 and fired him again on August 21, 2016.

36. Nicholas Serafis determined Nieto's wages and the wages of other Waverly Defendants' employees.

37. Nicholas Serafis set Nieto's schedule, as well as other Waverly Defendants' employees.

38. Nicholas Serafis instructed employees of the Waverly Defendants, including Nieto, on how to perform their duties.

39. Nicholas Serafis personally paid Waverly Restaurant's employees their wages, including Nieto.

## FACTUAL ALLEGATIONS

40. Throughout his employment, Defendants did not pay Nieto overtime compensation.

41. From in or about 2009 until in or about the end of 2012, except during Waverly Restaurant's temporary closure from approximately late 2011 through February 2012, Nieto worked six days per week from approximately 10:00 a.m. to 8:00 p.m. for a total of approximately sixty hours per week.

42. From in or about the beginning of 2013 until the end of his employment on August 21, 2016, Nieto worked approximately sixty hours per week, six days per week, from approximately 6:00 a.m. to 4:00 p.m.

43. Throughout his employment, Defendants paid Nieto a weekly salary that failed to compensate Nieto at the appropriate overtime wage rate.

44. From in or about January 2010 to December 2011, Defendants paid Nieto a weekly salary of $680.

45. From in or about January 2012 to December 2012, Defendants paid Nieto a weekly salary of $720.

46. From in or about January 2013 to December 2013, Defendants paid Nieto a weekly salary of $740.

47. From in or about January 2014 to January 18, 2015, Defendants paid Nieto a weekly salary of $780.

48. From in or about January 19, 2015 to July 26, 2015, Defendants paid Nieto a weekly salary of $810.

49. From in or about July 27, 2015 to in or December 2015, Defendants paid Nieto a weekly salary of $830.

50. From in or about January 2016 until August 21, 2016, Defendants paid Nieto a weekly salary of $900.

51. Although Nieto was regularly required to work in excess of forty hours per workweek, Defendants did not compensate Nieto with the appropriate overtime wages as required by the FLSA and the NYLL for hours worked in excess of forty per workweek.

52. Prior to January 1, 2016, Defendants paid Nieto his wages in weekly cash payments, without providing any form of wage statement.

53. Beginning on January 1, 2016, Defendants began to pay Nieto with a payroll check, however, Defendants continued to pay Nieto a set weekly salary, and supplemented his check wages with cash to equal his weekly salary.

54. Defendants failed to furnish Nieto with annual wage notices.

55. Defendants failed to furnish Nieto with wage statements at the end of every pay period accurately listing, *inter alia*: the overtime rate or regular rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages accompanying his weekly pay.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

56. Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

57. Defendants were required to pay Plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

58. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

59. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

60. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

61. Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

62. Under the NYLL and supporting New York State Department of Labor ("NYDOL") regulations, Defendants were required to pay Plaintiff one and one half (1½) times the regular rate of pay for all hours he worked in excess of forty.

63. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

64. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### THIRD CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Annual Wage Notices)

66. Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

67. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

68. In violation of NYLL § 191, Defendants failed to furnish Plaintiff, at the time of hiring and whenever required by statute, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

69. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

9

## FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

70. Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

71. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

72. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

73. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

74. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and supporting NYDOL regulations;

    b.    declaring that Defendants violated the notice and wage statement provisions of the NYLL;

    c.    declaring that Defendants' violations of the FLSA and NYLL were willful;

    d.    awarding Plaintiff unpaid overtime wages;

    e.    awarding Plaintiff liquidated damages pursuant to the FLSA and to the NYLL;

    f.    awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

    g.    awarding Plaintiff pre- and post-judgment interest under the NYLL;

    h.    awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      i.      awarding such other and further relief as the Court deems just and proper.

Dated:   New York, New York
             March 21, 2017

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Vivianna Morales
Lillian Marquez
488 Madison Avenue – 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiff*