USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-22-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALBERTO NIETO,

                Plaintiff,

    - against -

VILLAGE RED RESTAURANT CORP. d/b/a
WAVERLY RESTAURANT, 135 WAVERLY
REALTY LLC, CHRISTINE SERAFIS, and
NICHOLAS SERAFIS,

                Defendants.

------------------------------------------------------------X

17 Civ. 2037 (RWL)

**MEMORANDUM AND ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Alberto Nieto brings this action against Village Red Restaurant Corp. ("Village Red"), Christine Serafis, and Nicholas Serafis pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law § 190 *et seq.* Mr. Nieto alleges that he did not receive overtime wages, accurate wage statements, and annual wage notices. In a previous decision in this case, the Honorable James C. Francis IV, U.S.M.J., dismissed 135 Waverly Realty LLC ("Waverly Realty") from this action because of Mr. Nieto's failure to plead specific facts showing that it was his employer. *Nieto v. Village Red Restaurant Corp.*, No. 17 Civ. 2037, 2017 WL 4539327, at *3 (S.D.N.Y. Oct. 10, 2017) ("*Nieto I*"). Judge Francis also held that Mr. Nieto did not plead sufficient facts demonstrating that Waverly Realty was so integrated with Village Red that Waverly Realty could be held liable under a single integrated enterprise theory. *Id.* at *4. Mr. Nieto has now moved to amend to again add Waverly Realty as a party and allege more specific facts against it. For the reasons stated below, the motion is granted.

1

Discussion

    A.    <u>Legal Standard</u>

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Casualty & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005). "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The district court has broad discretion over motions to amend, *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and may deny such a motion for any of the following reasons: (1) futility, (2) undue prejudice to the non-moving party, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, or (5) undue delay, *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016).

    B.    <u>Futility</u>

Leave to amend should be denied as futile when the amended pleading would not survive a motion to dismiss under Rule 12(b). *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Group, PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Thus, the standard governing leave to amend is whether the amended pleading states a claim on which relief can be granted when all facts pled are accepted as true and construed in the light most favorable to the plaintiff. *See Panther Partners Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)). The non-moving party bears the burden of demonstrating that the

proposed amendment is futile. *See Allison v. Clos-ette Too, LLC*, No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015).

Mr. Nieto argues that the facts alleged in the Proposed Amended Complaint sufficiently demonstrate that Waverly Realty is so integrated with Village Red that they can be treated as a single enterprise, making Waverly Realty potentially liable to Mr. Nieto. The single integrated enterprise test is used to assess "whether a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes." *Juarez v. 449 Restaurant*, Inc., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). "A 'single employer' situation exists 'where two nominally separate entities are actually part of a single integrated enterprise . . . .'" *Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (alteration in original) (quoting *Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132, 137 (2d Cir. 1985)). "In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise." *Id.* "Under this standard, courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez*, 29 F. Supp. 3d at 367; *see Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995) (applying same set of factors to Title VII case).

The newly alleged facts, though thin, are sufficient at this stage to justify probing further into Waverly Realty's connection to Village Red. In *Nieto I*, Judge Francis held that Mr. Nieto had demonstrated "some common management and ownership" because he alleged that "Mr. Serafis and Mr. Captan are managers of both entities and that Ms.

3

Serafis owns and is the president of both Village Red and Waverly Realty." 2017 WL 4539327, at *4. Mr. Nieto now further alleges that "135 Waverly Place has no superintendent or porter" and "Nicholas Serafis required Waverly Restaurant employees to perform those duties for 135 Waverly Building." (Proposed Amended Complaint ("Proposed Amend. Compl."), attached as Ex. to Memorandum of Law in Support of Plaintiff's Motion to Reconsider and Alternatively to Amend the Complaint, ¶ 20.)

Mr. Nieto specifically alleges that "on Saturdays, Nicholas Serafis and John Captan required dishwashers and cooks' assistants, including Nieto, to sweep and mop the hallways and staircases in the three residential floors of 135 Waverly Place, which were located above Waverly Restaurant, owned solely by 135 Waverly Realty LLC, and used only by 135 Waverly Realty LLC's tenants." (Proposed Amend. Compl., ¶ 21.) On Mondays, Mr. Serafis and Mr. Captan also required the restaurant's dishwashers, busboys, and delivery persons to clean an entryway used only by Waverly Realty. (Proposed Amend. Compl., ¶ 23.) To perform those duties, the employees "used cleaning supplies, brooms, and mops owned by, stored in, and also used by Waverly Restaurant." (Proposed Amend. Compl., ¶ 26.) Furthermore, throughout Mr. Nieto's employment, the managers required the restaurant employees to "assist repairmen and construction workers to move their supplies and tools up and down the 135 Waverly Place staircases to 135 Waverly Realty LLC apartments undergoing renovation," and that "John Captan would at times supervise and, at times, aid the corporate defendants' employees with the renovation work in 135 Waverly Place." (Proposed Amend. Compl., ¶ 25.)

Mr. Serafis also "executed the lease for Waverly Restaurant on behalf of both Waverly Restaurant and 135 Waverly Realty LLC." (Proposed Amend. Compl., ¶ 30.) He

used the same office to perform managerial duties for both entities. (Proposed Amend. Compl., ¶ 31.) Mr. Serafis would set Waverly Realty's tenants' monthly rent, coordinate repairs, and collect rent checks while inside the Waverly Restaurant. (Proposed Amend. Compl., ¶ 32.)

Defendants argue that because there are no allegations that Mr. Nieto had any interaction with Waverly Realty during the limitations period, the statute of limitations bars any claim against it. That argument is not persuasive. Even if Mr. Nieto, as distinct from other employees, did not perform duties for Waverly Realty during the statute of limitations period, that does not diminish the extent to which Village Red and Waverly Realty, taking the allegations as true, were an integrated enterprise during that same period such that liability could extend to both entities. If the allegations at issue were that Village Red and Waverly Realty jointly employed Mr. Nieto, Defendants' statute of limitations argument conceivably might have some traction. See Arculeo, 425 F.3d at 198-99 (distinguishing between theories of joint employer and integrated enterprise for purposes of determining whether employees should be aggregated in context of Title VII claim). But Mr. Nieto does not assert a joint employer theory.

Defendants' argument that the amendment is merely an attempt to pin liability on Ms. Serafis also misses the mark. Ms. Serafis remains a defendant in this case (as distinct from the related *Garcia* case[1]), as Judge Francis denied her motion to dismiss in this case. Defendants duly note that Mr. Nieto potentially could face sanctions in persisting with his claims against Ms. Serafis. *Nieto I*, 2017 WL 4539327, at *4 n.4. But

---

[1] *Garcia v. Village Red Restaurant Corp.*, No 15 Civ. 6292 (S.D.N.Y.).

5

whether Ms. Serafis is appropriately named as a defendant is a different question than whether the company she owns, Waverly Realty, is a proper defendant.

In short, the Proposed Amended Complaint's allegations, taken as true, plausibly assert that the entities could be an integrated enterprise and are sufficient at this stage to bring an action against Waverly Realty and probe its connection to this litigation. See *Chimbay v. Pizza Plus Staten Island Ferry, Inc.*, No. 15 Civ. 2000, 2016 WL 1064611, at *3-4 (S.D.N.Y. March 14, 2016) (four restaurants serving different cuisines were single enterprise where they shared common facilities, supplies, products, management, ownership, and offices and issued paychecks and pay policies from the same location); *Chen v. TYT East Corp.*, No. 10 Civ. 5288, 2012 WL 5871617, at *4 (S.D.N.Y. March 21, 2012) (parent company integrated with subsidiary restaurant where, among other things, entities shared space, management, and employees).

C. Prejudice, Bad Faith, and Undue Delay

Defendants have not argued that other factors caution against amendment, nor could they. Discovery has hardly commenced in this case, and the Court recently granted an extension of discovery, leaving ample time to take discovery regarding the allegations against Waverly Realty. There is no indicia of bad faith or undue delay, and there have been no previous unsuccessful amendments.[2]

---

[2] Defendants suggest that because Judge Francis also denied Mr. Nieto's motion for reconsideration of his dismissal order, the current motion is Mr. Nieto's "third bite at the apple." The reconsideration motion, however, concerned the same initial complaint that omitted sufficiently specific allegations against Waverly Realty and which was the subject of the initial motion to dismiss. Mr. Nieto's current amended complaint is only his second "bite," not his "third."

## Conclusion

For the reasons articulated above, Mr. Nieto's motion to amend the complaint is granted. He shall promptly file his amended complaint on the docket.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          November 22, 2017

Copies transmitted to all counsel of record.